IN THE INTEREST OF K.C.B., A CHILD

NO. 07-07-0032-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

NOVEMBER 19, 2007
                                       ______________________________

IN THE INTEREST OF K.C.B., A CHILD
_________________________________

FROM THE 100TH DISTRICT COURT OF COLLINGSWORTH COUNTY;

NO. 6951; HONORABLE PHIL VANDERPOOL, JUDGE
_______________________________

Before CAMPBELL and HANCOCK and PIRTLE, JJ. 
ON MOTION FOR REHEARING
          Appellant, by her motion for rehearing alleges that she did in fact file a Statement
of Points of Error to Be Relied On, although it was admittedly filed premature. The record
reveals that appellant filed the Statement after the associate judge’s order of termination. 
Subsequently, appellant sought and was granted a trial de novo. Accordingly, the
associate judge’s ruling was not a final ruling. The statute provides that the required
Statement of Points to Be Relied on By Appellant on Appeal must be filed after “a final
order rendered under this subchapter.” Tex. Fam. Code Ann. § 263.405(a) (Vernon Supp.
2006).
 
          Accordingly, appellant’s contention is without merit and the motion for rehearing is
denied.
 
                                                                           Mackey K. Hancock

                                                                                     Justice

 kept the car, he would have $5,200. He did not know how much
his wife spent on food each month. When queried about his monthly phone bill estimate
in his affidavit, he averred that he had lost his phone but, before he did so, his bill ran from
$400 to $600 per month because "the farm would be calling me." He had no records to
verify his gasoline expense and admitted that the figure of $150 per week was an estimate. 
He also admitted that his income was seasonal and at the time of the execution of his
affidavit, it was a slack time of the year. 

 Appellant further admitted that in March of 2003, he had received another felony
DWI charge in Lubbock County and the authorities were using the charge here to enhance
that charge to felony grade and he did not want that to happen. He had not raised the lack
of counsel challenge to the instant offense until after the Lubbock County charge was
made.

 The State does not contest that appellant had a legal right to counsel at the trial of
this offense and that if he was not financially able to employ counsel, he was entitled to the
appointment of such counsel. See Alabama v. Shelton, 535 U.S. 654, 662, 122 S.Ct.
1764, 1770, 152 L.Ed.2d 188 (2002); Scott v. Illinois, 440 U.S. 367, 373-74, 99 S.Ct. 1158,
1162, 59 L.Ed.2d 383 (1979); Tex. Code Crim. Proc. Ann. art 1.051(b) & (c) (Vernon Supp.
2004). However, it contends that under this record, appellant did not show that he was "not
financially able to employ counsel" within the purview of article 1.051(b) of the Code of
Criminal Procedure. 

 Subsequent to the habeas hearing, the trial judge entered his findings of fact and
conclusions of law. In findings of fact relevant to this discussion, he found that after
appellant had been notified prior to the trial that no attorney would be appointed, at the
trial, he did not ask for a hearing on the refusal, nor did he otherwise complain of the
refusal. He also found that at the trial on the merits, appellant appeared and reached a
plea bargain with the prosecutor. Appellant signed a written waiver of lawyer form in which
he certified that he could read the English language, that he had the right to have a lawyer,
but that he did not want the court to appoint a lawyer. On the same day, the trial court
honored the plea bargain, which resulted in appellant being placed on probation for a
period of two years. The court also found that appellant continued on probation until March
2, 2003, when appellant was again arrested for DWI. That DWI offense was charged as
a felony because of two prior convictions of DWI, one of which was the Hale County
conviction discussed here. The habeas judge also found that appellant made no complaint
that he did not intelligently and voluntarily waive his right to counsel in the Hale County
case prior to the March 2, 2003 arrest. He further found that there were no coercive
circumstances present surrounding appellant's waiver. Based upon its fact findings, the
habeas court concluded that appellant had knowingly and voluntarily waived his right to
counsel in the Hale County DWI case and that he was lawfully confined. 

 As appellant recognizes, whether an accused is indigent depends upon the facts of
each individual case. See Ex parte Bain, 568 S.W.2d 356, 361 (Tex. Crim. App. 1978). 
At the habeas hearing, the judge was the trier of fact and we are not at liberty to disturb
any finding that is supported by the record. Dewberry v. State, 4 S.W.3d 735, 747-48 (Tex.
Crim. App. 1999), cert. denied, 529 U.S. 1131, 120 S.Ct. 2008, 146 L.Ed.2d 958 (2000). 
Under the facts adduced in the affidavit, we cannot say that the habeas judge abused his
discretion in concluding that under the facts set out in the affidavit, appellant had not
shown the lack of assets and due diligence to raise money to hire counsel through the
mortgaging, sale, or other use of those assets. Moreover, also under this record, we
cannot say the habeas judge abused his discretion in finding the record sufficient to justify
a conclusion that appellant knowingly, intelligently, and voluntarily waived his right to
counsel at the trial on the merits and there were no coercive circumstances present
surrounding that waiver.

 Accordingly, appellant's issue is overruled and the judgment of the trial court is
affirmed. 

 John T. Boyd

 Senior Justice

Do not publish. 

 
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. 
Tex. Gov't Code Ann. 75.002(a)(1) (Vernon Supp. 2004).